IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01450-GPG

ERIC M. SOM,

    Plaintiff,

v.

SUPREME COURT OF ALABAMA, and
ALABAMA STATE BAR ASSOCIATION,

    Defendants.

---

ORDER TO TRANSFER

---

On May 29, 2015, Plaintiff Eric M. Som, acting *pro se*, submitted to the Court a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Plaintiff was granted leave to proceed pursuant to § 1915 on July 9, 2015.  The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as a *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.

Plaintiff asserts that Defendants have denied his application to practice law in the State of Alabama in violation of 42 U.S.C. § 1983 (Fifth and Fourteenth Amendment Rights), the Dormant Clause, Title II of the Americans with Disabilities Act (ADA), and the Privileges and Immunities or Comity Clause Under Article IV, section 2.  Compl., ECF No. 1.  Plaintiff further contends that venue is proper in this Court, under 28 U.S.C. § 1391, because a substantial part of the events or omissions on which the claim is based occurred in the District of Colorado.  *Id.* at 3.  As relief, Plaintiff asks this Court to

(1) find that Defendants violated his constitutional rights, the ADA, the Dormant Clause, and the Privileges and Immunities or Comity Clause; (2) reinstate Plaintiff's application for admission to the Alabama State Bar without requiring Plaintiff to resit for the bar exam in that State, or retake the MPRE; and (3) impose any other relief deemed just and equitable by this Court. *Id.* at 18-19.

Here, where Plaintiff's claims arise under the laws of the United States, the appropriate venue provision is 28 U.S.C. § 1391(b), which provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided in law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

For the reasons stated below, the Court finds venue is not proper in this Court and will transfer the action to a federal district court where venue is proper.

First, Defendants reside in Alabama and not Colorado.

Second, although Plaintiff makes a conclusory statement that a substantial part of the events or omissions giving rise to the claim occurred in the State of Colorado, nothing in the Complaint supports this statement.  Plaintiff asserts that he communicated with Defendants via e-mail from Colorado, sought medical treatment in Colorado for any anxiety that he incurred due to the denial of his application for admission to the Alabama State Bar and to the denial of his appeal to the Alabama Supreme Court, and possibly set for the National Conference of Bar Examiners in the State of Colorado.  These assertions do not support a finding that a substantial part of the events or omissions took place in Colorado.

2

Plaintiff states that he first challenged the State Bar's noted deficiencies in his application by sending a certified letter to the State Bar on May 22, 2014. ECF No. 1 at 5. He further asserts that he contacted the Alabama Supreme Court on May 30, 2014, and received advice to pursue a extraordinary petition in the Supreme Court to challenge the denial, which he did on June 4, 2014, *id.* at 8; but prior to the Supreme Court's decision the State Bar withdrew consideration of his application for bar admission on August 14, 2014, based on an increase in the required minimum score by the Alabama State Bar, *id.* at 9. Finally, Plaintiff sent a certified letter to the Alabama Supreme Court and the Alabama State Bar on December 2014, in a "good faith attempt," to resolve the issues, but neither Defendant responded to the letter.

The cause of action is based on Plaintiff's pursuit for admission to practice law in the State of Alabama and the subsequent denial of admission by the Alabama State Bar. In other words, the State of Alabama is where the "forum state audience" is found and is the focal point of Plaintiff's actions. *Cf. Schrader v. Biddinger*, 633 F.3d 1235, 1241 & 1244 (10th Cir. 2011). Therefore, because defendants are located in Alabama and the events at issue occurred in Alabama, venue is more proper in the United States District Court for the Middle District of Alabama.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "A court may *sua sponte* . . . cure venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." see *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006) (the phrase "if it is in the interest of justice," in §§ 1406(a) and 1631, is interpreted as granting the

district court discretion to transfer or dismiss the action).  Because a summary dismissal of Plaintiff's claims is not warranted, the Court finds it is in the interest of justice to transfer this case to United States District Court for the Middle District of Alabama. Accordingly, it is

ORDERED that this action shall be transferred to the United States District Court for the Middle District of Alabama (Alabama Middle District, Main Office, Frank M. Johnson, Jr. United States Courthouse, P.O. Box 711, Montgomery, AL 36101) pursuant to 28 U.S.C. § 1406(a).

DATED July 14, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court